FORGEY *v.* TUCKER.

In actions commenced before a justice of the peace, any matter of defense except the statute of limitations, set-off, and matter in abatement, may be given in evidence without answer.

The words—"This is the substance of all the evidence offered on the trial by the parties," do not meet the requirement of the 30th rule of this Court.

*Friday,*
*December* 10.

APPEAL from the *Howard* Court of Common Pleas.

DAVISON, J.—*Forgey* brought this action against *Tucker,* before a justice of the peace, for the recovery of a horse of

the value of 100 dollars. The complaint is in the usual form. No answer was filed. Before the justice, there was a judgment against the plaintiff, from which he appealed. Trial in the Common Pleas, which resulted in a verdict for the defendant. New trial refused, and judgment, &c.

The assignments of error assume—1. That there being no answer to the complaint, there was no issue, and consequently there was a trial without an issue, which has been adjudged erroneous. 2. That the verdict is unsustained by the evidence.

The statute relating to the "mode of proceeding before justices of the peace," enacts that "all matter of defense, except the statute of limitations, set-off, and matter in abatement, may be given in evidence without plea." 2 R. S. p. 455, § 34. As we have seen, this suit was commenced before a justice, and the record shows that no attempt was made by the defendant to set up the statute of limitations, set-off, or matter in abatement; hence, the rule to which we have referred, in its application to the case at bar, avoided the necessity of any written defense. *Id.* § 67.

In relation to the sufficiency of the evidence to sustain the verdict, the appellee contends that there is no averment in the record that it contains all the evidence. There is a bill of exceptions which, after setting out certain testimony given on the trial, says: " This is the substance of all the evidence offered on the trial by the parties." Rule 30 of this Court says: " In every bill of exceptions, purporting to set out the evidence upon motion for a new trial overruled, the words—'this was all the evidence given in the cause'—are to be regarded as technical, and indispensable to repel the presumption of other evidence." The words referred to as contained in the bill of exceptions, it will at once be seen, do not meet the requirement of the rule; hence, we are not allowed to presume that all the evidence given on the trial is before us (1).

Admitting, however, that the record does contain all the evidence, still the judgment must stand. We have exam-

ined it carefully, and are of opinion that its weight accords with the verdict.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*C. D. Murray*, for the appellant.

*N. R. Lindsay* and *T. J. Harrison*, for the appellee.

(1) See *McCole* v. *The State*, 10 Ind. R. 50, and cases cited in note; *Beard* v. *The First Presbyterian Church*, id. 568.